UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

GEORGE HUGHES (#511277)                              CIVIL ACTION

VERSUS

N. BURL CAIN, WARDEN                                 NO. 15-0795-JJB-EWD

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on June 13, 2016.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

GEORGE HUGHES (#511277)                                     CIVIL ACTION

VERSUS

N. BURL CAIN, WARDEN                                        NO. 15-0795-JJB-EWD

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (R. Doc. 1) and his Motion to Hold § 2254 Petition in Abeyance Pending Exhaustion of State Remedies (R. Doc. 3).

Petitioner George Hughes commenced this proceeding by filing an application for habeas corpus relief pursuant to 28 U.S.C. § 2254. Petitioner challenges the constitutionality of his 2006 state court conviction and life sentence for second degree murder. Petitioner asserts a single ground for relief, that his criminal defense attorney provided ineffective assistance of counsel in several respects, including by failing to conduct an adequate pretrial investigation, failing to investigate and interview witnesses, failing to present a proper theory of defense, failing to advance a proper theory as to the admissibility of prior violent acts by the deceased, and failing to properly prepare, present and support a motion for new trial. Petitioner did not brief these ineffective assistance of counsel claims or provide legal or factual support for his contentions. Instead, Petitioner attached as exhibits pertinent copies of his state court post-conviction relief proceedings which addressed these claims. In addition, Petitioner stated that the "pertinent facts will be addressed" in a supporting memorandum that he either neglected to file with this Court or intends to file in the future.

A review of Petitioner's application reflects that he pursued a direct appeal from his conviction and sentence, asserting that the trial court erred (1) in denying a motion for new trial based upon newly discovered evidence, (2) denying an oral motion to continue the motion for new trial, and (3) denying Petitioner's motion for post-verdict judgment of acquittal. The Louisiana First Circuit Court of Appeal affirmed Petitioner's conviction and sentence on June 20, 2007. *State v. Hughes,* 2007 WL 1765559, 972 So.2d 1162 (La. App. 1st Cir. 2007). Petitioner thereafter sought further review before the Louisiana Supreme Court, which Court denied review on January 11, 2008. *State v. Hughes,* 972 So.2d 1162 (La. 2008).

Petitioner asserts that he did not file a subsequent application for a writ of certiorari with the United States Supreme Court. Accordingly, his conviction and sentence became final on April 10, 2008, ninety (90) days after the denial of his application for supervisory review before the Louisiana Supreme Court. *See Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003). Pursuant to 28 U.S.C. § 2244(d), Petitioner then had one year from that date, or until April 10, 2009, within which to (1) file a timely federal application for habeas corpus relief, or (2) toll the one-year limitations period by filing and pursuing a properly-filed application for post-conviction or other collateral review in the state courts.

Petitioner asserts that on April 7, 2009, with 3 days remaining in the one-year limitations period, he filed an application for post-conviction relief in the state district court asserting, through retained counsel, the claims of ineffective assistance of counsel that he now presents in this proceeding. Petitioner asserts that his application for post-conviction relief was denied in both the state district court and in the intermediate state appellate court and that, as of the date of filing of this proceeding, it was pending before the Louisiana Supreme Court.

In light of the foregoing procedural history, Petitioner filed the instant protective habeas corpus application and motion seeking a stay of his § 2254 application until he is able to fully

2

exhaust his state post-conviction remedies through the Louisiana Supreme Court. Petitioner asserts in this motion that, with only three days remaining in the limitations period, he will not have enough time to prepare and file a timely federal habeas corpus application after the Louisiana Supreme Court issues a ruling on the pending application for supervisory review before that Court. Petitioner seeks to hold his federal petition in abeyance so that his habeas corpus claims will not become time-barred by the elapse of the remaining three days in the limitations period.

For the following reasons, Petitioner's motion shall be denied and his application for habeas corpus dismissed for failure to exhaust state court remedies.

One of the threshold requirements for a § 2254 petition is that, subject to certain exceptions, a petitioner must have first exhausted in state court all of his claims before presenting them for review before the federal district court. 28 U.S.C. § 2254(b)(1) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that ... the applicant has exhausted the remedies available in the courts of the State....") The Supreme Court has interpreted § 2254(b)(1) to require dismissal of a habeas corpus petition if it contains even a single unexhausted claim - the "total exhaustion" requirement. *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982).

In *Rhines v. Weber*, 544 U.S. 269, (2005), the Supreme Court created an exception to *Lundy* under certain circumstances for mixed petitions, *i.e.*, those petitions presenting both exhausted and unexhausted claims. The Supreme Court held that a district court may stay a mixed petition rather than dismiss it, holding the petition in abeyance while the petitioner seeks exhaustion of any unexhausted claims in state court. *Id.* The Court feared, however, that liberal use of this stay-and-abeyance procedure might undermine the Antiterrorism and Effective Death Penalty Act's twin purposes of encouraging the swift execution of criminal judgments and favoring the resolution of habeas claims in state court, if possible, before resorting to federal review. *Id.* at

276-78. Therefore, *Rhines* declared that a district court should grant a stay and abeyance only in limited circumstances where: (1) a petitioner is able to show good cause for his failure to first exhaust his claims in state court, (2) his unexhausted claims are potentially meritorious, and (3) there is no indication that the petitioner has engaged in intentionally dilatory litigation tactics. *Id*. As stated in *Rhines*, relative to the first requirement:

> Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines ADEPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition…. For these reasons, stay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.

544 U.S. at 277.[1]

Neither the United States Supreme Court nor the Fifth Circuit has articulated the standard that should be applied in determining whether good cause exists in this context. *See Baldwin v. Thaler*, 2011 WL 744742 (S.D. Tex. Jan. 27, 2011). "However, good cause clearly requires more than merely a good excuse, because the Supreme Court did not intend to grant unbridled discretion to stay and abate." *Baldwin v. Thaler*, 2011 WL 744742 (S.D. Tex. Jan. 27, 2008), *Magistrate Judge' Recommendation adopted in pertinent part*, 2011 WL 754885 (S.D. Tex. Feb. 23, 2011). *See also Ruiz v. Quarterman*, 504 F.3d 523, 529 n. 17 (5th Cir. 2007) (finding that the Supreme Court intended for "good cause" to be based on "equitable" considerations). Shortly after the

---

[1] Petitioner's habeas corpus application before this Court is not technically a "mixed petition" because *none* of his claims of ineffective assistance of counsel have been finally addressed by the Louisiana Supreme Court. Notwithstanding, several courts have concluded that *Rhines v. Weber* is appropriately applied in the context of habeas applications in which none of the claims have been fully exhausted. *See Mena v. Long*, 813 F.3d 907, 912 (9th Cir. 2016); *Doe v. Jones*, 762 F.3d 1174, 1181 (10th Cir. 2014); *Heleva v. Brooks*, 581 F.3d 187, 191-92 (3d Cir 2009; *Dolis v. Chambers*, 454 F.3d 721, 724-25 (7th Cir. 2006); *Barnes v. Cain*, 2014 WL 10190763, *7 n. 42 (M.D. La. Nov. 21, 2014).

decision in *Rhines*, the Supreme Court did articulate that a petitioner's "reasonable confusion" about whether a habeas application would be timely "will ordinarily constitute 'good cause' for him to file in federal court." *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005).

In the instant case, Petitioner does not suggest that there is any "reasonable confusion" regarding his calculation of timeliness. Instead, he asserts that he filed his post-conviction relief application in state court and that he did so timely, but that he did so with only three days remaining in the federal limitations period. He provides no explanation or justification, however, for having waited until that late date to file the application. He further effectively acknowledges that his claims are currently unexhausted because his state court application is still pending before the Louisiana Supreme Court. Thus, the sole basis presented by him in support of a finding of good cause, and the sole justification provided for the granting of a stay, is his concern that the very limited three-day window of time that remains may elapse after a decision is issued by the Louisiana Supreme Court and before he is able to file a federal habeas corpus application.

This Court concludes that Petitioner's motion does not present a supportable showing of good cause. In *Mendoza v. Thaler*, 2011 WL 977056 (S.D. Tex. March 17, 2011), *reversed on other grounds*, 485 Fed. Appx. 721 (5th Cir. 2012), an identical question was presented and the Court concluded:

> *Pace* [*v. DiGuglielmo*] does not support applying *Rhines* [*v. Weber*] to all unmixed petitions, but rather only to those limited circumstance [sic] in which a petitioner seeks to preserve his opportunity for federal habeas review because his federal claim might otherwise be time-barred due to his reasonable confusion about state filing requirements. Petitioner alleges not that he has a reasonable confusion about whether his state filing would be held timely, but that he fears he may not be able to file his federal petition within the remaining three-day limitations window. This is not an appropriate grounds for application of *Rhines* and *Pace*.

2011 WL 977056 at *2. In another similar case, a district court again concluded that the mere fact of a limited period of time remaining in the limitations period did not constitute "good cause"

for the issuance of a stay. *See Wright v. Thaler*, 2011 WL 2678923 (N.D. Tex. June 15, 2011) ("*Pace* does not support granting a stay under *Rhines* simply because petitioner will only have five days remaining in the limitations period to file a timely federal petition after his applications are decided"), *Magistrate Judge's Report adopted*, 2011 WL 2679003 (N.D. Tex. July 7, 2011). *See also Jones v. Stephens*, 2015 WL 5052296, *4 (N.D. Tex. July 15, 2015) ("[Petitioner's] concern about the remaining time in which he could have re-filed a federal petition does not justify granting a motion to stay and abate"), *Magistrate Judge's Report adopted*, 2015 WL 5076802 (N.D. Tex. Aug. 27, 2015). *Cf., Brown v. Cain*, 2008 WL 4678689 (E.D. La. Oct. 17, 2008) (granting a stay – without addressing requirement of "good cause" – where one day remained in federal limitations period); *Coleman v. Cain*, 2008 WL 907448 (E.D. La. April 2, 2008) (same, where only "days or hours" remained in the limitations period, and the State had no objection to the granting of a stay). This Court further finds it significant that, on appeal of the Court's denial of a stay in *Mendoza*, the Fifth Circuit denied a request by the petitioner for a certificate of appealability "as to his argument that he was entitled to a stay of his § 2254 application." *Mendoza v. Thaler, supra*, 485 Fed. Appx. at 722. In doing so, the Court effectively approved of the lower court ruling on this issue because the standard for granting a certificate of appealability is whether "reasonable jurists" would find debatable the correctness of the lower court's determination. *See Ruiz v. Quarterman*, 460 F.3d 638, 642 (5th Cir. 2006) (reiterating that a certificate of appealability should issue as to a claim only if a petitioner is able to demonstrate that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling"). Thus, the denial of a certificate of appealability as to this issue in *Mendoza*, while not determinative, provides persuasive support for this Court's conclusion that Petitioner's three-day window to file a federal habeas application

does not alone support the issuance of a stay in this case.[2]

Based on the foregoing, the Court finds that Petitioner has failed to make a showing sufficient to satisfy the "good cause" requirement set forth in *Rhines v. Weber, supra*. Specifically, Petitioner has provided no justification for having waited to file his post-conviction relief application in state court until only three days remained in the federal limitations period. In this context, the Court finds that it is appropriate to recognize some obligation on the part of a habeas petitioner to exercise reasonable diligence in order to show good cause in support of a request for a stay and, at least in the area of equitable estoppel, courts have looked to the filing dates of state court petitions in evaluating whether a habeas applicant has exercised reasonable diligence. *See Schmitt v. Zeller*, 354 Fed. Appx. 950, 951 (5th Cir. 2009) (declining to find equitable tolling where the petitioner waited 10 months after his conviction became final before applying for state habeas relief: "We have recognized that a component of the obligation to pursue rights diligently is not to wait until near a deadline to make a filing, then seek equitable tolling when something goes awry"); *Johnson v. Quarterman*, 483 F.3d 278, 287 (5th Cir. 2007) (declining to find equitable tolling where the petitioner's attorney waited until the last possible day

---

2 A concurring opinion in *Rhines v. Weber, supra*, expressed an understanding that the "good cause" requirement for the granting of a stay in a habeas case was "not intended to impose the sort of strict and inflexible requirement that would 'trap the unwary *pro se* prisoner.'" 544 U.S. at 279. This appears to be consistent with the Supreme Court's subsequent explanation in *Pace v. DiGuglielmo, supra*, that "reasonable confusion" regarding filing requirements should normally meet the "good cause" requirement and support a stay of proceedings pending exhaustion. The Supreme Court has made clear, however, that the exhaustion requirement alone does not qualify as a trap for the unwary *pro se* petitioner, and that such petitioners may be expected to fully exhaust their claims. *See Rose v. Lundy, supra*, 455 U.S. at 520 (noting that the exhaustion requirement "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court," and "[j]ust as *pro se* petitioners have managed to use the federal habeas machinery, so too should they be able to master this straightforward exhaustion requirement"). In the instant case, Petitioner has provided no justification for failing to file his post-conviction relief application until only three days remained in the federal limitations period.

and then experienced computer problems which prevented timely filing).

Petitioner has not made such a showing of diligence in the instant case and, accordingly, the Court finds that his request for a stay should be denied and that his application for habeas corpus relief should be dismissed for failure to exhaust state court remedies.

Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a Notice of Appeal herein, the Court may address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). In cases where the Court has rejected a petitioner's constitutional claims on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of a denial of constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Ruiz v. Quarterman*, *supra*, 460 F.3d at 642. In the instant case, the Court finds that reasonable jurists would not debate the denial of the petitioner's § 2254 application or the correctness of the procedural ruling. Accordingly, it is appropriate that, in the event that Petitioner seeks to pursue an appeal in this case, a certificate of appealability be denied.

**RECOMMENDATION**

It is recommended that Petitioner's Motion to Hold § 2254 Petition in Abeyance Pending Exhaustion of State Remedies (R. Doc. 3) be denied and that his application for a writ of habeas corpus be dismissed for failure to exhaust state court remedies. It is further recommended that in

the event that Petitioner seeks to pursue an appeal, a certificate of appealability be denied.

Signed in Baton Rouge, Louisiana, on June 13, 2016.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**